**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

| | |
|---|---|
| KEVIN HAMILTON, | Case No. 2:21-cv-01713-JAD-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| LAS VEGAS METRO POLICE DEPARTMENT, *et al*., | APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |
| Defendant. | |

Pro se plaintiff Kevin Hamilton filed an application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). I grant Hamilton's in forma pauperis application. I dismiss his complaint without prejudice with leave to amend.

**DISCUSSION**

Hamilton's filings present two questions: (1) whether Hamilton may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Hamilton's complaint states a plausible claim for relief.

**I.     Whether Hamilton May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938,

940 (9th Cir. 1981) (citation omitted). Consideration of a party's ability to pay the filing fee is not limited to the IFP application itself, "the court may look beyond the application to determine his financial condition." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004) (internal quotation and alteration omitted).

Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. ECF No. 1. Plaintiff states in his affidavit that he receives no wages, has no savings, has no assets, has no dependents, has no debt, and has no expenses. *Id.* Plaintiff's sworn application, made under penalty of perjury, is sparse.[1] I will take his word though and grant his IFP application.

## II.   Whether Hamilton's Complaint States a Plausible Claim

### a.   Legal Standard

Because the Court grants Hamilton's application to proceed *in forma pauperis*, it must review Hamilton's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the

---

[1] It also slightly contradicts statements he made in a different IFP application in a previous case where he stated he had a one-year old child as a dependent and received public assistance a source of income. See *Hamilton v. Medic West Ambulance et al.*, 2:17-cv-01831-RFB-CWH at ECF No. 1.

plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). *Habacon v. Emerald Grande, LLC*, No. 2:19-cv-00165-MMD-PAL, 2019 U.S. Dist. LEXIS 63163, at 3-4 (D. Nev. Apr. 12, 2019).

### b. Plaintiff's Complaint[2]

Plaintiff alleges that on September 17, 2019, he witnessed two officers wrongfully detain two African American men. ECF No. 1-1 at 7. Plaintiff alleges that when he confronted the officers about their racially motivated actions, the officers wrongfully detained him as well. *Id.* Later in the complaint, he alleges that the "stop light" was broken and that the police did not have probable cause to stop him.

---

[2] I note that plaintiff currently has three other cases pending in this Court against the same defendants, but regarding different alleged violations. See *Hamilton v. Las Vegas Metro Police Department*, 2:21-cv-01745-GMN-VCF; *Hamilton v. Las Vegas Metro Police Department*, 2:21-cv-01746-JAD-EJY; and *Hamilton v. Las Vegas Metro Police Department*, 2:21-cv-01747-RFB-BNW.

*Id.* at 8. He alleges that he saw a white person do "the same thing" as him while he was wrongfully

detained, and the officer did not detain the white person. *Id.* Plaintiff alleges the police questioned him

about being in a gang but eventually let him go. *Id.* Plaintiff alleges that the officers did not cite him or

place him under arrest. Plaintiff alleges that he filed a complaint about the officers with Las Vegas

Internal Affairs but it has done nothing. *Id.* Plaintiff brings claims against the LVMPD and the doe

officers for violating his Fourth Amendment rights, for unlawful detention, infliction of emotional

distress, for "respondeat superior," negligent hiring, and negligent supervision and training. *Id.*

### i.  Plaintiff's federal claims

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under

color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal

statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). To hold an individual defendant

personally liable for damages under Section 1983, the causation inquiry must be focused on whether the

individual defendant was able to take steps to avert the incident giving rise to the deprivation but failed

to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.

1988).

The Fourth Amendment guarantees the right of the people to be secure in their persons, houses,

papers, and effects, against unreasonable searches and seizures: Security of one's privacy against

arbitrary intrusion by police is at core of Fourth Amendment and basic to free society. See *Mapp v.

Ohio*, 367 U.S. 643, 81 S. Ct. 1684 (1961). The "basic purpose of this Amendment" "is to safeguard the

privacy and security of individuals against arbitrary invasions by governmental officials." *Carpenter v.

United States*, 138 S. Ct. 2206 (2018)(quoting *Camara v. Mun. Ct. of City & Cty. of S.F.,* 387 U.S. 523,

528 (1967)). "[A] claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City &*

*Cty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001). "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within [the Fourth Amendment]." *Whren v. United States,* 517 U.S. 806, 809, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996). A traffic stop therefore must not be "unreasonable" under the circumstances and must be supported by reasonable suspicion. *Id.* at 810; *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) ("A traffic violation alone is sufficient to establish reasonable suspicion.").

Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipal entity may be liable when its "policy or custom…inflicts the injury." *Id.* at 694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id*. A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000). "[A] Monell claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts, or habits.'" *Bedford v. City of Hayward*, 2012 WL 4901434, at 12 (N.D. Cal. Oct. 15, 2012) (citation omitted); see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. "Because vicarious liability

is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*; *OSU Student All. v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

The plaintiff has not made any allegations that the individual defendants acted under the color of state law to deprive him of his constitutional rights per Section 1983. It is unclear if plaintiff was driving or on foot prior to the alleged detention by the police, given that he mentions a broken traffic stop light. Plaintiff has not stated sufficient facts to show that a stop was unreasonable, so plaintiff has not stated a plausible Fourth Amendment claim against the individual defendants. I dismiss the claims against them. The plaintiff also has not alleged any facts that the LVMPD has a policy or custom that is the moving force behind the alleged constitutional violations. The LVMPD cannot be held liable under theory of respondeat superior. I dismiss the LVMPD as a defendant.

**ii. State Claims**

Since the plaintiff must successfully state a federal claim to proceed with his case, the Court will not screen plaintiff's dozens of remaining state court claims at this time. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

If none of the federal claims survive, diversity jurisdiction does not exist in the alternative since the defendants are citizens of the same state as the plaintiff (Nevada). I dismiss his remaining state law claims for infliction of emotional distress, negligent hiring, and negligent supervision and training

6

without prejudice. If plaintiff can state a plausible federal claim if he amends, I will review his state law claims (if he realleges them in his amended complaint) at that time.

ACCORDINGLY,

I ORDER that Hamilton's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER that Hamilton's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDERED that Hamilton has until Monday, November 29, 2021, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if an amended complaint is filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file

written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 27th day of October 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE